OPINION
{¶ 1} The defendant-appellant, Eric L. Coleman, ("Coleman"), appeals the December 29, 2005 Judgment of conviction and sentence entered in the Court of Common Pleas of Allen County, Ohio.
 {¶ 2} On August 5, 2005, Coleman shot Trenton Holloway ("Holloway") twice between the hours of 5:00 and 5:30 a.m. The two were walking down an alley, when Coleman pulled out a gun and shot it through a pop bottle. Holloway thought that Coleman was shooting the gun in the air and did not pay much attention to Coleman until he was shot in the left hand by Coleman. After being shot, Holloway looked at Coleman who again pointed the gun at him. Holloway put his right hand in the air and Coleman shot him in the right hand. Holloway then ran down the alley where he saw an open door to an individual's residence. He requested help from an individual and sat on the porch while the individual went to call for help. Coleman reached the porch and offered to take Holloway to the hospital; however, Holloway declined. After Holloway declined, Coleman grabbed him around his shoulders, in an effort to pull Holloway to his feet; however, Holloway refused to go with Coleman. Coleman then left the area.
 {¶ 3} The following day, Coleman was arrested at a friend's residence by the Lima Police Department. Prior to being taken out of the residence, the officer inquired whether he had any shoes to wear, to which he responded no. However, a woman at the residence indicated that a pair of shoes by the couch were his and he did put them on before leaving. In addition, a bag of clothes were also with the shoes. The officer asked Coleman if they belonged to him and he denied ownership. The clothing was taken into evidence and based upon information received from the investigating officer appeared to have dried blood on them. The shoes and clothing were examined by BCI for gun shot residue. Gun shot residue was detected on the left shoe and the pants.
 {¶ 4} On September 15, 2005, Coleman was indicted by the Allen County Grand Jury for one count of felonious assault with a firearm specification, a felony of the second degree, in violation of R.C. 2903.11(A)(2) and R.C. 2941.145(A). On November 21, 2005 the matter proceeded to trial and the jury returned a guilty verdict on November 22, 2005. On November 28, 2005, the trial court filed its judgment entry regarding the jury trial establishing the proceedings of trial and the jury verdict on one count of felonious assault with a firearm specification. On December 29, 2005, the trial court filed its judgment entry regarding the sentencing hearing. The trial court imposed a prison term of four years for the felonious assault to be served consecutively to the three year prison term for the gun specification. The terms of imprisonment were to be served consecutively for a total term of seven years. Furthermore, the trial court ordered that the seven years be served consecutively with a six month prison term imposed for a fifth degree theft offense, which the trial court had imposed in an unrelated case.
 {¶ 5} On January 20, 2006, Coleman filed his notice of appeal raising the following assignments of error:
 Assignment of Error 1 THE SENTENCE IS CONTRARY TO LAW.
 Assignment of Error 2 THE TRIAL COURT FINDINGS PURSUANT TO R.C. 2929.12 AREERRONEOUS.
 {¶ 6} Coleman's first assignment of error poses an issue concerning his felony sentencing. He alleges in his first assignment of error that his sentence is void because it is based upon statutes which have recently been found unconstitutional by the Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 7} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v.Foster. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender and R.C.2929.14(E)(4) requiring judicial findings for consecutive terms.Foster, 2006-Ohio-856, at ¶ 97, 103. Pursuant to the ruling inFoster, Coleman's first assignment of error is sustained. Accordingly, Coleman's sentence is vacated and the case is remanded for further proceedings.
 {¶ 8} Coleman asserts in his second assignment of error that the trial court made erroneous seriousness findings, pursuant to R.C. 2929.12(B), and erroneous recidivism findings, pursuant to R.C. 2929.12(D). Specifically, he claims that the trial court erred in finding that Holloway suffered economic harm and that Coleman was under probationary status at the time of the offense.
 {¶ 9} The Supreme Court of Ohio stated in State v. Foster,2006-Ohio-856, at ¶ 37.
 {¶ 10} R.C. 2929.12 grants the sentencing judge discretion "todetermine the most effective way to comply with the purposes andprinciples of sentencing." R.C. 2929.12(A) directs that inexercising that discretion, the court shall consider, along withany other "relevant" factors, the seriousness factors set forthin divisions (B) and (C) and the recidivism factors in divisions(D) and (E) of R.C. 2929.12. These statutory sections provide anonexclusive list for the court to consider.
 {¶ 11} We need not address this assignment of error because Coleman's sentence is being vacated pursuant to State v. Foster
and any error in the original sentence such as those claimed here are rendered moot. Therefore, Coleman's sentence is vacated and the case is remanded for further proceedings pursuant to Statev. Foster.
 Judgment vacated and cause remanded.
 Bryant, P.J., and Rogers, J., concur.