OPINION *Page 2 
{¶ 1} The defendant-appellant, John Dunn III ("Dunn"), appeals the July 24, 2006 Judgment entry regarding orders of re-sentencing entered in the Common Pleas Court of Logan County, Ohio.
 {¶ 2} On March 2, 2004, Dunn was arrested for rape. On April 9, 2004, Dunn was indicted by the Logan County Grand Jury on one count of Rape, a first degree felony in violation of R.C. 2907.02(A)(2) and a Repeat Violent Offender Specification, in violation of R.C. 2929.01. On November 9th and 10th, 2004, a jury trial was held. At the conclusion of the trial, the jury found Dunn guilty beyond a reasonable doubt of the crime of Rape. On November 11, 2004, the trial court submitted to the jury the issue concerning the sentencing specification and the jury found Dunn guilty of the Repeat Violent Offender Specification.
 {¶ 3} On November 29, 2004, the trial court sentenced Dunn to eight years in prison on the Rape charge. The trial court also ordered that this sentence be served consecutive to any parole violation that may later be imposed. Dunn appealed his sentence with this Court inState v. Dunn, Logan App. No. 8-05-03, 2005-Ohio-3762. On July 25, 2005, this Court affirmed his conviction and sentence.
 {¶ 4} On September 7, 2005, the Supreme Court of Ohio accepted jurisdiction to hear Dunn's case. On May 3, 2006, the Supreme Court of Ohio *Page 3 
reversed this Court's decision in State v. Dunn, 107 Ohio St.3d 1681,2005-Ohio-6480, and ordered that Dunn's case be remanded for re-sentencing consistent with their decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 5} On July 17, 2006, the trial court re-sentenced Dunn. Dunn argued that because the prior sentencing scheme had been found unconstitutional, the trial court could only impose the minimum sentence. However, the trial court imposed a sentence identical to the first sentence.
 {¶ 6} On August 23, 2006, Dunn filed a notice of appeal raising the following assignment of error:
 The trial court erred, as a matter of law, when it applied a sentencing scheme which was not in effect at the time of the commission of the offense contained in the indictment.
 {¶ 7} Dunn asserts in his sole assignment of error that the trial court erred when it applied a sentencing scheme which was not in effect at the time of the crime. Specifically, he argues four issues in support of his sole assignment of error. In essence, he is arguing that the Supreme Court of Ohio erred in its decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856 because it ordered trial courts to violate the United States and Ohio Constitutions.
 {¶ 8} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony *Page 4 
sentencing framework was unconstitutional and void, including R.C.2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender.Foster, 2006-Ohio-856, at ¶ 97, 103. Regarding new sentences and resentences, the Supreme Court of Ohio stated, "we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856, at ¶ 100.
 {¶ 9} As this Court is required to follow precedent, as set forth by the Supreme Court of Ohio and the United States Supreme Court, we find no error in the trial court's decision to sentence Dunn to an eight year prison term. Dunn was found guilty beyond a reasonable doubt of the crime of Rape, a felony of the first degree.
 {¶ 10} Pursuant to R.C. 2929.14(A),
 [t]he court shall impose a definite prison term that shall be one of the following:
 * * *
 (1) For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years. *Page 5 
Dunn could have been sentenced to as little as three years or as much as ten years for the count of Rape that he was found guilty of. In this case, Dunn was sentenced to eight years.
 {¶ 11} In addition, for the reasons articulated in State v.McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we find no merit in his argument that his sentence violates the Ex Post Facto and Due Process Clauses. Dunn was found guilty beyond a reasonable doubt of the crime of Rape on November 10, 2004. He was sentenced to an eight year prison term on November 29, 2004. He filed a notice of appeal with this Court which affirmed his conviction and sentence. He appealed his case to the Supreme Court of Ohio which granted a discretionary appeal on issues relating to his sentence on December 14, 2005. The Supreme Court of Ohio announced its decision in Foster on February 27, 2006. On May 3, 2006, the Supreme Court of Ohio reversed this Court's decision and ordered Dunn's case be remanded for re-sentencing consistent with their decision in Foster. On July 17, 2006, the trial court re-sentenced Dunn to the same eight year prison term.
 {¶ 12} We note, as to this case, that the offense occurred subsequent to the United States Supreme Court's holding in Apprendi v. NewJersey (2000), 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, which provided notice that a major shift in sentencing was likely to occur and supports our conclusion in McGhee that the remedy announced inFoster does not violate due process. *Page 6 
Likewise, the sentencing range for his felonies has remained unchanged, so Dunn had notice of the potential sentence for his offenses.
 {¶ 13} Furthermore, the Ohio State Public Defender attempted to appeal the unanimous Foster decision to the United States Supreme Court. On October 16, 2006, the United States Supreme Court denied the Petition for Writ of Certiorari. Foster v. Ohio (2006), 127 S.Ct. 442,166 L.Ed.2d 314.
 {¶ 14} Accordingly, we find Dunn's sole assignment of error is overruled and the July 24, 2006 Judgment entry regarding orders of re-sentencing entered in the Common Pleas Court of Logan County, Ohio is affirmed.
Judgment affirmed.
 ROGERS, P.J., and PRESTON, J., concur. *Page 1