OPINION *Page 2 
{¶ 1} The defendant-appellant, Eric L. Coleman, appeals the judgment of the Allen County Common Pleas Court sentencing him to an aggregate prison term of seven years.
 {¶ 2} On August 5, 2005, Coleman shot a man two times; once in each hand. As a result thereof, Coleman was indicted on September 15, 2005 on one count of felonious assault with a gun specification, a violation of R.C. 2903.11(A)(2) and 2941.145(A), a second-degree felony. Coleman pled not guilty and later filed a suppression motion and a motion for a discovery violation. The trial court overruled Coleman's motions, neither of which is before us on appeal.
 {¶ 3} The case proceeded to jury trial on November 21, 2005, and the jury found Coleman guilty of the offense as charged on November 22. After ordering and reviewing a pre-sentence investigation, the trial court sentenced Coleman to four years in prison for the felonious assault to be served consecutively to a mandatory three-year prison term on the gun specification. Coleman appealed his sentence, which we vacated and remanded pursuant to the Supreme Court's mandate inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.State v. Coleman, 3rd Dist. No. 1-06-07, 2006-Ohio-4553. *Page 3 
 {¶ 4} On October 5, 2006, the trial court held a new sentencing hearing and imposed the same sentence. Coleman appeals his new sentence, setting forth one assignment of error for our review.
 Assignment of Error The judicially created felony sentencing statutes pursuant to State v. Foster violate the due process clause.
 {¶ 5} Coleman relies on Bouie v. Columbia (1964), 378 U.S. 347,84 S.Ct. 1697, 12 L.Ed.2d 894, in arguing that Foster is unconstitutional, claiming it judicially creates an ex post facto law in violation of due process. In Bouie, the United States Supreme Court held that the test to determine whether a judicial act creates an ex post facto law is "whether the late action of the judiciary was unforeseeable at the time of the commission of the offense." Coleman argues that the Ohio Supreme Court failed to consider due process concerns when it decidedFoster. Coleman essentially desires the benefit of Foster's substantive holding but wishes to avoid its remedy.
 {¶ 6} We have previously considered and rejected the appellant's argument that Foster violates due process and the ex post facto clause.State v. McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162. We note that Coleman committed his offense subsequent to the United States Supreme Court's decision in United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, which provided the remedy to the court's holding in Blakely v. Washington (2004), *Page 4 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. By that time, the appellate districts of this state were in conflict as to whetherBlakely applied to Ohio's sentencing scheme. The Supreme Court applied a severance remedy in Booker, thereby making the Federal Sentencing Guidelines advisory. Therefore, it could come as no surprise that the Ohio Supreme Court would apply a similar remedy in Foster.
 {¶ 7} Perhaps more importantly, the sentencing range for a second-degree felony has remained unchanged. When Coleman committed his offense, he was subject to a definite prison term of two, three, four, five, six, seven, or eight years on the felonious assault and a mandatory prison term of three years on the gun specification. Coleman was also aware that even under S.B. 2, the trial court would craft an appropriate sentence within those ranges.
 {¶ 8} The Ohio State Public Defender attempted to appeal the unanimousFoster decision to the United States Supreme Court. However, on October 16, 2006, the court denied the petition for writ of certiorari.Foster v. Ohio (2006), 127 S.Ct. 442, 166 L.Ed.2d 314. Likewise, the Ohio Supreme Court has twice denied review of our decision inMcGhee. State v. McGhee, 112 Ohio St.3d 1491, 2007-Ohio-724,862 N.E.2d 118, reconsideration denied in 113 Ohio St.3d 1470, 2007-Ohio-1722,864 N.E.2d 655. *Page 5 
 {¶ 9} We find nothing in Coleman's brief to prompt us to reconsider our conclusion in McGhee, and we will continue to adhere to our holding therein. Specifically, Coleman argues, "[a]lthough this Court determined in McGhee, at ¶ 16, that the due process guarantees of notice were not violated since offenders were on notice as to the statutory maximums prior to Foster, the Sixth Circuit Court of Appeals found otherwise inUnited States v. Barton (6th Cir. 2006), 455 F.3d 649, at659 * * * ." However, this was not the court's holding inBarton. In dicta, the court noted that changes to the Federal Sentencing Guidelines may have violated the ex post facto clause, but the court held, "we join every other circuit in holding that Booker does not violate ex post facto-type due process rights of defendants * * * ."Barton, at 657. The court went on to explain:
 The Supreme Court held that the remedy it chose in making the Guidelines advisory is all that is constitutionally necessary to avoid the Fifth Amendment due process problem that defendant alleges exists * * * . If the Supreme Court had felt it necessary to remedy the constitutional error in the Guidelines in the manner defendant suggests, it clearly could have done so.
Id., at 658.
 {¶ 10} Therefore, for the reason stated in McGhee, we again hold that the Supreme Court's holding in Foster does not violate the ex post facto clause, due process, or Ohio's protection against unconstitutionally retroactive laws. The trial court was not constitutionally required to impose the lowest statutory sentence on Coleman pursuant toFoster. The sole assignment of error is overruled. *Page 6 
 {¶ 11} The judgment of the Allen County Common Pleas Court is affirmed.
Judgment affirmed.
 SHAW and PRESTON, JJ., concur. *Page 1