OPINION *Page 2 
{¶ 1} Defendant-appellant David C. Walker appeals the sentence imposed by the Seneca County Court of Common Pleas. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} The Seneca County Grand Jury indicted Walker on count one of trafficking in crack cocaine, in violation of R.C. 2925.03(A)(C)(4)(c) and a fourth degree felony; and count two of trafficking in crack cocaine with a specification that the offense was committed in the vicinity of a school, in violation of R.C. 2925.03(A)(C)(4)(b) and a fourth degree felony.[1]
 {¶ 3} A jury trial was held and the jury found Walker guilty on both counts. On March 2, 2005, the trial court sentenced Walker to fifteen months on count one and fifteen months on count two. The trial court further ordered the sentences to be served consecutively.
 {¶ 4} Walker filed an initial appeal with this court on April 1, 2005. However, this court dismissed the appeal for lack of prosecution on December 27, 2005. Walker filed a motion to reopen his appeal on April 11, 2006, and we granted the motion. We affirmed the conviction but vacated the sentence and remanded to the trial court for resentencing in accordance with the Ohio Supreme *Page 3 
Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. State v. Walker, 3d Dist. No. 13-05-10, 2006-Ohio-6488, at ¶¶ 44-45.
 {¶ 5} On January 25, 2007, the trial court resentenced Walker to fifteen months on count one and fifteen months on count two. The trial court further ordered the sentences be served consecutively.
 {¶ 6} It is from this sentence that Walker appeals and asserts two assignments of error. For clarity of analysis, we will combine Walker's assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court erred by depriving the Appellant of a liberty interest without due process of law.
 ASSIGNMENT OF ERROR NO. II The trial court erred in sentencing the Appellant in violation of the Ex Post Facto Clause.
 {¶ 7} In his first assignment of error, Walker argues thatFoster excised portions of the sentencing statutes and eliminated the statutory elements necessary to impose a sentence which was not a minimum concurrent sentence. Walker further argues that underFoster remand the trial court may now impose any sentence within the ranges found in R.C. 2929.14(A). According to Walker, any sentencing hearing without the statutory protections present deprives him of his liberty without the due process of law. Walker argues, in his second assignment of *Page 4 
error, that remanding the case violated his due process rights because the effect of Foster was to create an ex post facto law, that theFoster decision erased a presumption beneficial to Walker, and that the remedy was not anticipated.
 {¶ 8} This court has previously held that the Ohio Supreme Court's decision in Foster does not violate the due process clause or the ex post facto clause. State v. McGhee, 3d Dist. No. 17-06-05,2006-Ohio-5162, at ¶¶ 14-20; State v. Coleman, 3d Dist. No. 1-06-91,2007-Ohio-3338, at ¶ 6. For the reasons expressed by this court inMcGhee, we find that Walker's arguments lack merit.
 {¶ 9} Walker committed the offenses at issue after the United States Supreme Court decided Apprendi v. New Jersey (2000), 530 U.S. 466, 490,120 S.Ct. 2348, 147 L.Ed.2d 435, which foreshadowed a major change in criminal sentencing law. And, the statutory range of sentences for the offenses of which Walker was convicted has remained unchanged, thus Walker was on notice of the potential penalties for his unlawful conduct. See McGhee, 2006-Ohio-5162, at ¶¶ 16, 20; R.C. 2929.14(A).
 {¶ 10} In addition, this court has noted that "[b]y its very definition a presumptive sentence is not guaranteed." McGhee,2006-Ohio-5162, at ¶ 24. Thus, Walker was not guaranteed a minimum concurrent sentence.
 {¶ 11} Finally, the retroactive application of the Foster decision to cases on direct review was mandated by the Ohio Supreme Court.Foster, 2006-Ohio-856, *Page 5 
at ¶¶ 103-104. Walker was resentenced in accordance with the Ohio Supreme Court's decision in Foster. Id. This court is obligated to follow the precedent established by the Ohio Supreme Court. See State v. Dunn, 3d Dist. No. 8-06-20, 2007-Ohio-1358, at ¶ 9. Thus, Walker's first and second assignments of error are overruled.
{¶ l2} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 ROGERS, P.J., and SHAW, J., concur. r
[1] For a more complete recitation of the facts, see this court's previous opinion of State v. Walker, 3d Dist. No. 13-05-10,2006-Ohio-6488. *Page 1