OPINION *Page 2 
{¶ 1} Defendant-appellant, Tralvis L. Welch (hereinafter "Welch") appeals the sentence imposed by the Wyandot County Court of Common Pleas. For the reasons stated herein, we affirm.
 {¶ 2} On November 10, 2004, Welch was indicted on one count of trafficking cocaine in violation of R.C. 2925.03(A)(1), a felony of the fifth degree, and one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the first degree. The State subsequently dismissed count one, trafficking cocaine.
 {¶ 3} On November 8th, 9th, and 10th of 2006, a jury trial was held as to count two, engaging in a pattern of corrupt activity. On November 10, 2005, the jury returned a guilty verdict. On February 8, 2006, Welch was sentenced to a six-year term of imprisonment, as well as a five-year period of post-release supervision.
 {¶ 4} Welch subsequently appealed the sentence and, on December 18, 2006, we vacated the sentence because of the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470.
 {¶ 5} On February 7, 2007, the trial court re-sentenced Welch to the same six-year term of imprisonment and five-years of post-release control.
 {¶ 6} Welch now appeals his new sentence to this court, asserting one assignment of error for review. *Page 3 
 ASSIGNMENT OF ERROR I The trial court denied Mr. Welch due process of law, by sentencing him to a non-minimum term of imprisonment, in violation of the ex post facto doctrine. Fourteenth Amendments, Article I, Section X, United States Constitution. (February 7, 2007 Transcript, p. 8; February 27, 2007 Judgment Entry).
 {¶ 7} Welch argues that Foster's severance remedy operated as an ex post facto law and, thus, violated his due process rights. The State argues that our decision in State v. McGhee, 3d Dist. No. 17-06-05,2006-Ohio-5162 is controlling and, therefore, Welch's due process rights were not violated. Welch acknowledges that McGhee applies, but asks us to overrule it. We agree with the State and decline to overruleMcGhee.
 {¶ 8} This court has previously held that the Ohio Supreme Court's decision in Foster does not violate the due process clause or the ex post facto clause. Id. at ¶¶ 14-20; State v. Coleman, 3d Dist. No. 1-06-91, 2007-Ohio-3338, ¶ 6. The Ohio Supreme Court has twice denied review of our decision in McGhee. State v. McGhee, 112 Ohio St.3d 1491,2007-Ohio-724, 862 N.E.2d 118, reconsideration denied in113 Ohio St.3d 1470, 2007-Ohio-1722, 864 N.E.2d 655. Therefore, for the reasons we stated in McGhee, we find that Welch's argument lacks merit.
 {¶ 9} Welch committed the offenses at issue after the United States Supreme Court decided Apprendi v. New Jersey, which foreshadowed a major change in criminal sentencing law. (2000), 530 U.S. 466, 490,120 S.Ct. 2348, 147 L.Ed.2d 435. Further, the statutory range of sentences for the offense of which Welch was convicted has *Page 4 
remained unchanged, thus Welch was on notice of the potential penalties for his unlawful conduct. See McGhee, 2006-Ohio-5162, at ¶¶ 16, 20; R.C.2929.14(A)(1).
 {¶ 10} Welch argues that he should have been sentenced to the minimum sentence. However, this court has noted that "[b]y its very definition a presumptive sentence is not guaranteed." McGhee, 2006-Ohio-5162, at ¶ 24. Thus, Welch was not guaranteed a minimum sentence.
 {¶ 11} Finally, the retroactive application of the Foster decision to cases on direct review was mandated by the Ohio Supreme Court.Foster, at ¶¶ 103-104. Welch was re-sentenced in accordance with the Ohio Supreme Court's decision in Foster. Id. This court is obligated to follow the precedent established by the Ohio Supreme Court. SeeState v. Dunn, 3d Dist. No. 8-06-20, 2007-Ohio-1358, ¶ 9. Thus, Welch's assignment of error is overruled.
 {¶ 12} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW and WILLAMOWSKI, JJ., concur. *Page 1