OPINION *Page 2 
{¶ 1} Defendant-appellant, Joey Mercer (hereinafter "Mercer"), appeals the judgment of the Logan County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} On September 14, 2005, Mercer was indicted on two counts of rape, violations of R.C. 2907.02(A)(2), first degree felonies, with specifications that the defendant is a sexually violent predator. The indictment stemmed from an incident on March 5, 2000, in which two women were accosted in a restroom by an individual who forced them to engage in sexual conduct.
 {¶ 3} On July 21, 2006, Mercer was arraigned. On October 6, 2006, Mercer filed a motion to dismiss based on the speedy trial rights under the Sixth Amendment. The trial court subsequently denied the motion.
 {¶ 4} On April 6, 2007, the parties filed a plea agreement on the record which provided that Mercer would enter a plea of no contest as to count one as amended, and the prosecution would dismiss count two and any specifications. The prosecution amended count one to include both victims. That same day, Mercer pled no contest to one count of rape as amended. The trial court found him guilty. *Page 3 
 {¶ 5} On April 9, 2007, the prosecution moved to dismiss count two, and the trial court dismissed count two and the specifications which alleged the defendant was a sexually violent predator.
 {¶ 6} The trial court sentenced Mercer to ten years imprisonment and ordered that the sentence be served consecutively to the prison term of 25-40 years that Mercer is serving in Michigan as a result of his conviction in Michigan in Case No. 03-11734-FC1. The trial court also classified Mercer as a sexual predator.
 {¶ 7} It is from the denial of the motion to dismiss and the sentence imposed by the trial court that Mercer appeals and asserts two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court committed error in denying Mr. Mercer's speedy-trial motion. Section 10, Article I, Ohio Constitution; Sixth and Fourteenth Amendments, United States Constitution. (Judgment Entry Denying Motion to Dismiss, November 3, 2006.)
 {¶ 8} In his first assignment of error, Mercer argues that the trial court erred in denying his motion to dismiss for violation of his speedy trial rights as guaranteed by the Sixth Amendment. According to Mercer, six years elapsed between the time the crime was allegedly committed and his arraignment. *Page 4 
 {¶ 9} When determining whether there has been a constitutional violation of the right to a speedy trial, four factors must be examined: 1.) length of the delay; 2.) the reason for the delay; 3.) defendant's assertion of his speedy trial rights; and 4.) prejudice to the defendant. Barker v. Wingo (1972), 407 U.S. 514, 530, 92 S.Ct. 2182;State v. Taylor, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 38;State v. Studer, 3d Dist. No. 10-98-20, 1999-Ohio-813, at *5. "In order to trigger a constitutional speedy trial analysis pursuant to the standards set forth in Barker, Appellant must allege and establish that the interval between accusation and trial has become a `presumptively prejudicial' delay." Studer, 3d Dist. No. 10-98-20, at *5. Generally, a delay of one year is considered "presumptively prejudicial" delay in order to trigger a Barker inquiry. Id., citations omitted.
 {¶ 10} In this case, the crime was committed on March 5, 2000. However, for determining whether the delay triggered a constitutional speedy trial analysis, we use the time from the accusation, which in this case would be the date of the indictment on September 14, 2005, until the time of the no contest plea on April 6, 2007. Since the amount of time that elapsed in this case exceeded one year the amount of time is "presumptively prejudicial", and this court must inquire into the other Barker factors. See Wingo, 407 U.S. at 530. *Page 5 
 {¶ 11} The second Barker factor involves the reason for the delay which included the fact that Mercer was not identified as a suspect until there was a DNA match on CODIS. The investigators then had to investigate the crime and obtain a new DNA sample from Mercer to test whether it matched against the DNA sample in the rape kit. The investigators had to obtain a search warrant before they could get Mercer's DNA, which the investigators obtained in February 2005. In addition, the DNA testing had to be completed, which took until April 2005.
 {¶ 12} Mercer was indicted on September 14, 2005. However, Mercer was incarcerated at the Saginaw Correctional Facility in Michigan, where he was serving a prison term of 25-40 years as a result of his conviction in Michigan in Case No. 03-11734-FC1. The prosecution had to go through the extradition process to have Mercer released to Ohio. On July 21, 2006, Mercer was arraigned. Mercer filed a motion to continue the trial, a motion to suppress, and a motion to dismiss on October 6, 2006. The trial court denied the motions to suppress and to dismiss, but granted the motion to continue the jury trial. On April 6, 2007, Mercer pled no contest to one count of rape.
 {¶ 13} After reviewing the record, we find that the main reason for the delay, under the second factor of Barker, was attributable to the fact that Mercer was being incarcerated in Michigan. *Page 6 
 {¶ 14} In regards to the third Barker factor, Mercer filed his motion to dismiss on speedy trial grounds on October 6, 2006. Thus, Mercer asserted his speedy trial rights.
 {¶ 15} Finally, Mercer argues that the prejudice to the defendant from the six years from the trial to the alleged events to the trial "could obviously affect those memories of identification, as faded or blurred memories of events six years past seems not only possible, but highly probably."
 {¶ 16} However, there is no indication that the witnesses in this caseactually had faded or blurred memories, or that the defendant suffered any prejudice by the delay in the trial. Thus, Mercer's claim of prejudice is merely speculation, and the fourth factor found inBarker is lacking.
 {¶ 17} After reviewing the record, we hold that the trial court did not err in finding that Mercer was not denied his constitutional right to a speedy trial under Barker.
 {¶ 18} Mercer's first assignment of error is, therefore, overruled.
 ASSIGNMENT OF ERROR NO. II The trial court denied Mr. Mercer due process of law, by sentencing him to more than a minimum term of imprisonment, in violation of the ex post facto doctrine. Fifth and Fourteenth Amendments, United States Constitution. (Journal Entry of Sentence; January 29, 2007). *Page 7 
 {¶ 19} Mercer asserts, in his second assignment of error, that the trial court erred by sentencing him to more than a minimum term of imprisonment. Mercer also asserts that the Ohio Supreme Court's severance remedy provided in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, violates the due process clause and the ex post facto doctrine.
 {¶ 20} The Ohio Supreme Court has held that the "[t]rial court have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."Foster, 2006-Ohio-856, paragraph seven of the syllabus.
 {¶ 21} Prior to the Ohio Supreme Court's decision in Foster, the trial court had to impose the minimum prison term for an offender who had never served a prison term unless the trial court made certain findings on the record. R.C. 2929.14(B); Foster, 2006-Ohio-856, at ¶¶ 57-61. InFoster, the Ohio Supreme Court held R.C. 2929.14(B), which provided apresumption of a minimum sentence for offenders who had not previously served a prison term, unconstitutional. Foster, 2006-Ohio-856, at paragraph one of the syllabus, ¶¶ 57-61; R.C. 2929.14(B).
 {¶ 22} As this court has previously noted, "[b]y its very definition a presumptive sentence is not guaranteed." State v. McGhee, 3d Dist. No. 17-06-05, *Page 8 2006-Ohio-5162, at ¶ 24. Accordingly, Mercer was not guaranteed a minimum prison term under R.C. 2929.14(B) and was subject to the range of sentences provided in R.C. 2929.14(A).
 {¶ 23} Mercer pled no contest to a count of rape, a first degree felony. Under R.C. 2929.14(A)(1), Mercer was subject to a term of imprisonment of three, four, five, six, seven, eight, nine, or ten years. The range of terms of imprisonment that Mercer was subject to has remained unchanged.
 {¶ 24} As a result, Mercer was aware that he could be sentenced to a potential sentence of three, four, five, six, seven, eight, nine, or ten years, and the trial court sentenced Mercer within the applicable range. R.C. 2929.14(A)(1).
 {¶ 25} Moreover, the retroactive application of the Foster decision to cases on direct review was mandated by the Ohio Supreme Court.Foster, 2006-Ohio-856, at ¶¶ 103-104. Mercer was sentenced in accordance with the Ohio Supreme Court's decision in Foster. This court is obligated to follow the precedent established by the Ohio Supreme Court. See State v. Dunn, 3d Dist. No. 8-06-20, 2007-Ohio-1358, at ¶ 9.
 {¶ 26} Mercer's second assignment of error is, therefore, overruled. *Page 9 
 {¶ 27} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, P.J., and ROGERS, J., concur. *Page 1